IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GREGORY DARNELL JONES, PRO SE, § <br> TDCJ-CID #656504, § <br>  § <br> Plaintiff, § <br>  § <br> v. § <br>  § <br> AMY WHITAKER, § <br>  Inventory Coordinator II, § <br> FAY GAMBRELL, § <br>  Inventory Coordinator I, and § <br> RHONDA HININGER, § <br>  Inventory Coordinator I, § <br>  § <br> Defendants. § | 2:04-CV-0329 |

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS,
MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff GREGORY DARNELL JONES, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-named defendants and requesting permission to proceed in forma pauperis.

Under the "three strikes" provision of the Prison Litigation Reform Act, a prisoner who has had three prior civil actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in Title 28, United States Code, section 1915(g). A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

The Court notes that plaintiff JONES has sustained at least thirteen dismissals which fulfill the "three strikes" provision of the PLRA: 4:00-CV-2938 (USDC SDTX Houston Division); 4:00-CV-

0307 (USDC SDTX Houston Division); 2:04-CV-0096 (USDC NDTX Amarillo Division); 2:04-CV-0097 (USDC NDTX Amarillo Division); 2:04-CV-0176 (USDC NDTX Amarillo Division); 2:04-CV-0197 (USDC NDTX Amarillo Division); 2:04-CV-0207 (USDC NDTX Amarillo Division); 2:04-CV-0233 (USDC NDTX Amarillo Division); 2:04-CV-0239 (USDC NDTX Amarillo Division); 2:04-CV-250 (USDC NDTX Amarillo Division); 2:04-CV-0263 (USDC NDTX Amarillo Division); 2:04-CV-0274 (USDC NDTX Amarillo Division); 2:04-CV-0275 (USDC NDTX Amarillo Division).

Pursuant to Title 28, United States Code, section 1915(g), the Court FINDS plaintiff GREGORY DARNELL JONES may not proceed in forma pauperis in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in Title 28, United States Code, section 1915 (g). Even if the instant cause were accompanied by the necessary motion, the grounds presented in the instant suit do not fall within the statutory exception. Plaintiff has alleged no fact fulfilling the statutory exception as construed by the Fifth Circuit. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

## CONCLUSION

For the reasons set forth above, plaintiff's motion to proceed in forma pauperis is DENIED.

The instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this  10th  day of May, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE